# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed:  February 5, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| HAZEL BROWN, | * | |
| | * | No. 13-594V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Conceded; |
| AND HUMAN SERVICES, | * | Influenza (Flu) Vaccine; Complex |
| | * | Regional Pain Syndrome ("CRPS"); |
| Respondent. | * | Injury to Shoulder; Arm Pain. |
| | * | |
| * * * * * * * * * * * * * * | * | |

Danielle Anne Strait, Maglio, Christopher & Toale, PA, Washington, DC, for petitioner.
Heather Lynn Pearlman, United States Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On August 20, 2013, Hazel Brown ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that she received an influenza ("flu") vaccination on October 1, 2010, and thereafter suffered pain in her upper right arm.  See Petition at 1.  Petitioner alleged that she was subsequently diagnosed with injury to her shoulder as well as regional pain syndrome in her upper right extremity.  Id.

On January 31, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Report at 3.  Specifically, respondent agrees with petitioner's claim that her arm pain and complex regional

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

pain syndrome ("CRPS") were caused-in-fact by the flu vaccination she received on October 1, 2010.  <u>Id.</u>  Respondent further states that she has identified no other cause for petitioner's arm pain and CRPS.  <u>Id.</u>  Based on a review of the medical records, respondent states that petitioner has met the applicable statutory requirements by suffering her condition for more than six months and that, therefore, petitioner has satisfied all legal prerequisites for compensation under the Act.  <u>Id.</u>

A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  §300aa-13; Vaccine Rule 8(d).  In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master