# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: March 15, 2017)
No. 13-594V

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| HAZEL BROWN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision Awarding Damages; |
| | * | Complex Regional Pain |
| v. | * | Syndrome ("CRPS"); Injury |
| | * | to Shoulder; Arm Pain; |
| SECRETARY OF HEALTH | * | Influenza ("Flu") Vaccine. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Danielle Strait, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.*
*Heather Pearlman, US Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On August 20, 2013, Hazel Brown ["Ms. Brown," or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she received an influenza ("flu") vaccination on October 1, 2010, and thereafter suffered pain in her

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

upper right arm. Petitioner alleged that she was subsequently diagnosed with injury to her shoulder as well as regional pain syndrome in her upper right extremity. *See* Petition at 1.

Respondent thereafter filed a report pursuant to Vaccine Rule 4(c) conceding that petitioner's injury was caused-in-fact by the flu vaccination that she received on October 1, 2010, and that petitioner is entitled to compensation in this case. Respondent's Report at 3, ECF No. 17.

On February 5, 2014, Chief Special Master Dorsey issued a ruling on entitlement finding that petitioner was entitled to compensation. *See* Ruling on Entitlement, ECF No. 18.

Respondent filed a proffer on March 14, 2017, agreeing to issue the following payments:

> **(1) A lump sum of $526,333.10, representing compensation for life care expenses expected to be incurred during the first year after judgment ($54,413.72), lost earnings ($215,507.84), pain and suffering ($238, 074.05), and past unreimbursable expenses ($18,337.49), in the form of a check payable to petitioner, Hazel Brown; and**
>
> **(2) An amount sufficient to purchase an annuity contract, described in section II.B of respondent's proffer.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/ **Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| HAZEL BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 13-594V |
| ) | Special Master Roth |
| SECRETARY OF HEALTH AND HUMAN ) | ECF |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Items of Compensation**

    A.   Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Susan Guth, LCSW, CCM, and CLCP, to provide an estimation of Hazel Brown's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed January 31, 2014, and the Ruling on Entitlement, issued on February 5, 2014.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Hazel Brown, attached hereto as Tab A.[1]  Respondent proffers that Hazel Brown should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.  Lost Earnings

The parties agree that based upon the evidence of record, Hazel Brown has suffered a past loss of earnings and will suffer a loss of earnings in the future.  Therefore, respondent proffers that Hazel Brown should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Hazel Brown's lost earnings is $215,507.84.  Petitioner agrees.

C.  Pain and Suffering

Respondent proffers that Hazel Brown should be awarded $238,074.05 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $18,337.49.  Petitioner agrees.

E.  Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her.

II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.  A lump sum payment of $526,333.10, representing compensation for life care expenses expected to be incurred during the first year after judgment ($54,413.72), lost earnings ($215,507.84), pain and suffering ($238,074.05), and past unreimbursable expenses ($18,337.49), in the form of a check payable to petitioner, Hazel Brown.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Hazel Brown, only so long as she is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-Contingent Annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Hazel Brown, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Hazel Brown's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III. <u>Summary of Recommended Payments Following Judgment</u>**

    A. Lump Sum paid to petitioner, Hazel Brown: $526,333.10
    B. An amount sufficient to purchase the annuity contract described above in section II. B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

*/s/Heather L. Pearlman*
HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 353-2699

Dated: March 14, 2017

**Appendix A: Items of Compensation for Hazel Brown**

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-10 | Compensation Year 11 | Compensation Years 12-Life |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 2017 | 2018 | 2019 | 2020-2026 | 2027 | 2028-Life |
| Medicare Part A Deductible | 5% | | | 1,316.00 | 1,316.00 | 1,316.00 | 1,316.00 | 1,316.00 | 1,316.00 |
| Medicare Part B Premium | 5% | | M | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | | |
| Medicare Part B Deductible | 5% | | | 183.00 | 183.00 | 183.00 | 183.00 | 183.00 | 183.00 |
| Medigap | 5% | | M | 2,304.00 | 2,304.00 | 2,304.00 | 2,304.00 | 2,304.00 | 2,304.00 |
| Medicare Part D | 5% | | M | 6,061.21 | 6,061.21 | 6,061.21 | 6,061.21 | 6,061.21 | 6,061.21 |
| Pain Mngt | 5% | * | | | | | | | |
| Mileage: Pain Mngt | 4% | | | 23.80 | 23.80 | 23.80 | 23.80 | 23.80 | 23.80 |
| Pump Refill | 5% | * | | | | | | | |
| Mileage: Pump Refill | 4% | | | 47.60 | 47.60 | 47.60 | 47.60 | 47.60 | 47.60 |
| Neurology | 5% | * | | | | | | | |
| Mileage: Neurology | | | | 14.45 | | | | | |
| Neurology Follow Up | 5% | * | | | | | | | |
| Mileage: Neurology Follow Up | 4% | | | | 5.78 | 5.78 | 5.78 | 5.78 | 5.78 |
| ER | 5% | * | | | | | | | |
| Hospitalization | 5% | * | | | | | | | |
| Venous Duplex | 5% | * | | | | | | | |
| MRI Upper Extremity | 5% | * | | | | | | | |
| Mileage: MRI & Venous Duplex | 4% | | | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 |
| MRI of Brain | 5% | * | | | | | | | |
| Mileage: MRI of Brain | 4% | | | 1.36 | 1.36 | 1.36 | 1.36 | 1.36 | 1.36 |
| Individual Counseling | 4% | * | | | | | | | |
| Mileage: Counseling | 4% | | | 10.61 | 2.12 | 2.12 | 2.12 | 2.12 | 2.12 |
| Care Mngt | 4% | | M | 2,580.00 | 2,580.00 | 2,580.00 | 2,580.00 | 2,580.00 | 2,580.00 |
| Hydro-morphone | 5% | * | | | | | | | |
| Elavil | 5% | * | | | | | | | |
| Fioricet | 5% | * | | | | | | | |
| Gloves | 4% | | | 29.99 | 29.99 | 29.99 | 29.99 | 29.99 | 29.99 |
| Thermacare Wraps | 4% | | | 255.36 | 255.36 | 255.36 | 255.36 | 255.36 | 255.36 |
| Cognitive Rehab/ Therapy | 4% | | | 1,590.00 | 795.00 | 795.00 | | | |
| PT | 4% | * | | 3,708.00 | | | | | |
| Mileage: PT | 4% | | | 37.54 | 18.77 | 3.75 | 3.75 | 3.75 | 3.75 |

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 2017 | Compensation Year 2 2018 | Compensation Year 3 2019 | Compensation Years 4-10 2020-2026 | Compensation Year 11 2027 | Compensation Years 12-Life 2028-Life |
|---|---|---|---|---|---|---|---|---|---|
| Walker | 4% | | | 30.33 | 6.07 | 6.07 | 6.07 | 6.07 | 6.07 |
| Shower Chair | 4% | | | 65.50 | 13.10 | 13.10 | 13.10 | 13.10 | 13.10 |
| Hand Held Shower | 4% | | | 55.55 | 5.56 | 5.56 | 5.56 | 5.56 | 5.56 |
| Elevated Toilet Seat | 4% | | | 30.70 | 6.14 | 6.14 | 6.14 | 6.14 | 6.14 |
| Grab Bars | 4% | | | 94.54 | 9.46 | 9.46 | 9.46 | 9.46 | 9.46 |
| Dressing Stick | 4% | | | 50.50 | 10.10 | 10.10 | 10.10 | 10.10 | 10.10 |
| Hands Free Hair Dryer Holder | 4% | | | 40.40 | 4.04 | 4.04 | 4.04 | 4.04 | 4.04 |
| Reacher | 4% | | | 50.50 | 5.05 | 5.05 | 5.05 | 5.05 | 5.05 |
| Step Stool | 4% | | | 29.99 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| Back Support | 4% | | | 137.99 | 27.60 | 27.60 | 27.60 | 27.60 | 27.60 |
| Manual WC | 4% | * | | | | | | | |
| Hospital Bed | 4% | * | | | | | | | |
| Personal Care Attendant | 4% | | M | 32,120.00 | 32,120.00 | 32,120.00 | 32,120.00 | 32,120.00 | 64,240.00 |
| Home Mods | | | | 1,930.00 | | | | | |
| Lost Future Earnings | | | | 215,507.84 | | | | | |
| Pain and Suffering | | | | 238,074.05 | | | | | |
| Past Unreimbursable Expenses | | | | 18,337.49 | | | | | |
| Annual Totals | | | | 526,333.10 | 47,448.91 | 47,433.89 | 46,638.89 | 45,030.89 | 77,150.89 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care
expenses ($54,413.72), lost earnings ($215,507.84), pain and suffering ($238,074.05), and past unreimbursable
expenses ($18,337.49): $526,333.10.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.